1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BYRON EUGENE JOHNSON,

11          Plaintiff,                    No. CIV S-06-2856 WBS CMK P

12        vs.

13    JOANN WOODFORD, et al.,

14          Defendants.                   ORDER

15    _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the

Dockets.Justia.com

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in

10  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.

13  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25          Plaintiff alleges a violation of his Eighth Amendment rights.  Specifically, he

26  alleges that he has a serious knee problem which requires treatment for pain.  Plaintiff states that

1    his pain from his knee problem affects his daily life and that defendants are aware that he suffers

2    from debilitating pain.   Plaintiff alleges that Defendant Glenn James, M.D. has examined

3    plaintiff on several occasions and has denied plaintiff proper medical care by discontinuing

4    plaintiff's physical therapy and failing to provide plaintiff with proper follow-up care.  Plaintiff

5    alleges that defendants Woodford, Runnels, Cox, Roche and Does 1-6 violated his Eighth

6    Amendment rights by virtue of their supervisory capacities—they failed to properly supervise

7    employees and ensure that plaintiff received medical care.

8              Construing plaintiff's allegations broadly and in a light most favorable to him,

9    plaintiff has stated a cognizable Eighth Amendment claim against defendant James.  Plaintiff has

10    not, however, stated a cognizable claim against defendants Woodford, Runnels, Cox, Roche or

11    Does 1-6.  Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions

12    of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted).  A

13    supervisor is only liable for the constitutional violations of subordinates if the supervisor

14    participated in or directed the violations, or knew or the violations and failed to act to prevent

15    them.  See id.  When a defendant holds a supervisory position, the causal link between him and

16    the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

17    858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the involvement of

18    supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

19    673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff has not shown that defendants were aware of

20    the alleged deficiencies in his medical care.  In short, he has made only vague and conclusory

21    allegations against them.

22              Because plaintiff has failed to state a cognizable Eighth Amendment claim against

23    all defendants, the court will dismiss this complaint.   Plaintiff will, however, be granted leave to

24    amend his complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate

25    how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

26    rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

1  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

2  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

4  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

5  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

6  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

9  amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

11  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  The fee shall be collected and paid in accordance with this court's order to the Director of the

5  California Department of Corrections filed concurrently herewith.

6    3. Plaintiff's complaint is dismissed.

7    4. Plaintiff is granted thirty days from the date of service of this order to file an

8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

9  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

10  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

11  an original and two copies of the amended complaint; failure to file an amended complaint in

12  accordance with this order will result in a recommendation that this action be dismissed.

13

14  DATED:   January 3, 2007.

15

16                                      _____
                                        **CRAIG M. KELLISON**
17                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26