IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

    Plaintiff,                         No. CIV S-06-2856 WBS CMK P

    vs.

JOANN WOODFORD, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges a violation of his Eighth Amendment rights.  Specifically, he alleges that he has a serious knee problem which requires treatment for pain.  Plaintiff states that

his pain from his knee problem affects his daily life and that defendants are aware that he suffers from debilitating pain.  Plaintiff alleges that Defendant Glenn James, M.D. has examined plaintiff on several occasions and has denied plaintiff proper medical care by discontinuing plaintiff's physical therapy and failing to provide plaintiff with proper follow-up care.  Plaintiff alleges that defendants Woodford, Runnels, Cox, Roche and Does 1-6 violated his Eighth Amendment rights by virtue of their supervisory capacities—they failed to properly supervise employees and ensure that plaintiff received medical care.

Construing plaintiff's allegations broadly and in a light most favorable to him, plaintiff has stated a cognizable Eighth Amendment claim against defendant James.  Plaintiff has not, however, stated a cognizable claim against defendants Woodford, Runnels, Cox, Roche or Does 1-6.  Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew or the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff has not shown that defendants were aware of the alleged deficiencies in his medical care.  In short, he has made only vague and conclusory allegations against them.

Because plaintiff has failed to state a cognizable Eighth Amendment claim against all defendants, the court will dismiss this complaint.   Plaintiff will, however, be granted leave to amend his complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

1 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
2 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
3 claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167
4 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
5 conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v.
6 Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
8 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
9 amended complaint be complete in itself without reference to any prior pleading.  This is
10 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux
11 v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
12 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
13 original complaint, each claim and the involvement of each defendant must be sufficiently
14 alleged.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 3, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE