IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

    Plaintiff,                                 No. CIV S-06-2856 WBS CMK P

    vs.

JOANN WOODFORD, et al.,

    Defendants.

_____/         ORDER

        On January 4, 2007, the court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly

1

1  baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,
2  however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885
3  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
4          A complaint, or portion thereof, should only be dismissed for failure to state a
5  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
6  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
7  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
8  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13         Plaintiff brings this action against Jeanne S. Woodford, Director of the CDC; D.L
14 Runnels, Warden of High Desert State Prison (HDSP); S.M. Roche, M.D., Chief Medial Officer
15 at HDSP; R. Cox, Chief Physician and Surgeon at HDSP; Glenn James, Physician at HDSP and;
16 Does 1-5, who are the "any and all successors of Jeanne S. Woodford." (Am. Compl. at 5.)
17 Plaintiff alleges a violation of his Eighth Amendment rights.  Specifically, he alleges that he has
18 a serious knee problem which requires treatment for pain.  Plaintiff states that his pain from his
19 knee problem affects his daily life and that defendants are aware that he suffers from debilitating
20 pain.  Plaintiff alleges that Defendant Glenn James, M.D. has examined plaintiff on several
21 occasions and has denied plaintiff proper medical care by discontinuing plaintiff's physical
22 therapy and failing to provide plaintiff with proper follow-up care.  Plaintiff asserts that white
23 inmates, who were similarly situated to him, received differing medical care.  Plaintiff alleges
24 that defendants Woodford, Runnels, Cox, Roche and Does 1-6 violated his Eighth Amendment
25 rights by virtue of their supervisory capacities—they failed to properly supervise employees and
26 ensure that plaintiff received medical care.

1  Construing plaintiff's allegations broadly and in a light most favorable to him,
2  plaintiff has stated a cognizable Eighth Amendment claim against defendant James pursuant to
3  42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
4  Plaintiff alleges that defendants Woodford, Runnels, Cox, Roche and Does 1-6
5  are liable for alleged constitutional violations based on supervisory liability.  Supervisory
6  personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees.
7  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted).  A supervisor is only
8  liable for the constitutional violations of subordinates if the supervisor participated in or directed
9  the violations, or knew of the violations and failed to act to prevent them.  See id.  For example,
10 denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v.
11 Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that
12 allegedly resulted in an inmate's rape could be sufficient to establish liability.  See Redman v.
13 County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc).   Plaintiff has attached
14 exhibits to his complaint, which, taken in a light most favorable to him, indicate that defendants
15 Cox and Roche were aware of the alleged denial of proper health care to plaintiff and failed to
16 prevent them.  Plaintiff has stated a cognizable claim against defendants Cox and Roche.
17 The court will direct plaintiff to provide forms and information for service of
18 defendants James, Cox, and Roche.
19 Defendant has not, however, stated a cognizable claim against defendants
20 Woodford or Runnels.  Accordingly, service is not proper for those defendants.
21 Plaintiff's amended complaint identifies Doe defendants 1-6.  The court cannot
22 order service of process on fictitious defendants.  Upon discovering the name of the "Doe"
23 defendants, [or any of them], plaintiff must promptly file a motion for leave to amend,
24 accompanied by a proposed amended complaint identifying the additional defendant or
25 defendants.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make
26 plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

3

be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that undue delay in discovering defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: James, Cox and Roche.

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed March 20, 2007.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed March 20, 2007.

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

///

///

///

///

5. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. <u>See</u> Local Rule 11-110.

DATED: April 19, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

          Plaintiff,                    No. CIV

  vs.

                                   NOTICE OF SUBMISSION

         Defendants.            OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____ completed summons form

      ____ completed USM-285 forms

      ____ copies of the _____
                       Complaint/Amended Complaint

DATED:

                                    _____
                                    Plaintiff