IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON EUGENE JOHNSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>R. COX, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-06-2856-WBS-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2007, this court issued a order which stated that, taken in the light most favorable to plaintiff, his amended complaint stated a cognizable claim against defendants James, Cox and Roche, and found service to be appropriate for these three defendants. However, plaintiff did not state a cognizable claim against defendants Woodford or Runnels as the only allegations for constitutional violations were based on supervisory liability, and therefore service was not proper for these two defendants. The court now recommends dismissal of the supervisory defendants.

/ / /

/ / /

1

1    Supervisory personnel are generally not liable under § 1983 for the actions of
2  their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is
3  no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional
4  violations of subordinates if the supervisor participated in or directed the violations, or had
5  actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant
6  holds a supervisory position, the causal link between him and the claimed constitutional
7  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
8  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
9  concerning the involvement of supervisory personnel in civil rights violations are not sufficient.
10 See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
11   Plaintiff's allegations against defendants Woodford and Runnels were that they
12 failed to properly supervise employees and ensure that plaintiff received medical care.  As stated
13 in this court's previous order and above, these allegations are insufficient to state a cognizable
14 claim based on supervisory liability.  Because it does not appear possible that the deficiencies
15 identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to
16 amend prior to dismissal of these defendants.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131
17 (9th Cir. 2000) (en banc).
18   Based on the foregoing, the undersigned recommends that this action be
19 dismissed, without leave to amend, as against defendants Woodford and Runnels only and that
20 the Clerk of the Court be directed to terminate Woodford and Runnels as defendants to this
21 action.[1]  This action should proceed only against defendants James, Cox and Roche, who have
22 answered.
23 / / /
24 / / /

---

[1] The Clerk of the Court should also be directed to update the docket to reflect R. Cox is the lead defendant

2

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
3   after being served with these findings and recommendations, any party may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Failure to file objections within the specified time may waive
6   the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 15, 2007.

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE